**FILED**

JAN 3 0 2013

[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARL DAVID DOWTY, | * | CIV 12-4002-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING DEFENDANTS' |
| | * | MOTION TO DISMISS |
| | * | |
| ROBERT A. BENNETT, Special Agent, | * | |
| DAVID B. KEITH, Special Agent, | * | |
| and DCI Special Agents, | * | |
| | * | |
| Defendants. | * | |

Plaintiff Earl D. Dowty filed this Complaint on January 3, 2012, purportedly under 28 U.S.C.

§ 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971). Defendants Robert Bennett ("Bennett") and David Keith ("Keith") (collectively

"Defendants") filed a Motion to Dismiss Dowty's Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Doc. 42. Dowty did not respond to Defendants' motion.

**I. Facts**

This Court granted Dowty's Motion to Proceed in Forma Pauperis and denied a number of

various motions in an Order dated June 27, 2012. Doc. 11.[1] This Court is familiar with Dowty

based on his numerous prior federal cases. Dowty was indicted on charges before this Court of being

a felon in possession of firearm, possession of stolen firearm, and aiding and abetting. United States

v. Richards, 11-cr-30008-RAL. Dowty also was indicted before this Court on two counts of felon

in possession of a firearm in United States v. Dowty, 11-cr-30026-RAL. In addition, Dowty was

---

[1] For the sake of completeness and to aid understanding of this Court's ruling, this Opinion
and Order repeats in part the contents of the June 27, 2012 Order.

indicted before this Court on fraud in connection with access device in United States v. Dowty, 11-cr-30027-RAL. As part of a plea agreement, Dowty plead guilty to one count of felon in possession of a firearm in 11-cr-30026-RAL, with the other federal charges being dismissed. Dowty received a sentence of 120 months in the custody of the Bureau of Prisons, with supervised release of three years thereafter and responsibility for restitution and a special assessment. United States v. Dowty, 11-cr-30026-RAL, Doc. 38.

Dowty faced those federal charges following a spree of burglaries not within Indian country. During one of the burglaries, a homeowner interrupted the burglary and observed two men, one of whom fit Dowty's description, within his residence. The homeowner attempted to flee, was shot as he fled, but survived the injury. Dowty faced state court charges in Mellette County, South Dakota, arising out of the burglaries and shooting of the homeowner, all of which occurred outside of Indian country. In relation to his first burglary, Dowty was found guilty in state court of one count of attempted first degree murder, first degree burglary, grand theft auto, and commission of a felony with a firearm. Doc. 43 at 2. Dowty was also found guilty of one count of second degree burglary for a different burglary, and two counts of grand theft for a third separate burglary. Doc. 43 at 2. Dowty is presently serving a 45-year sentence in state custody. Doc. 43 at 2.

After receiving his federal sentence and being transferred to state custody, Dowty has filed a number of civil cases in this court. This Court has screened and dismissed claims that Dowty made against various state officials. This Court granted summary judgment in 11-civ-3025-RAL in favor of Defendant sheriff Derris Waukazoo regarding Dowty's allegations that Sheriff Waukazoo was deliberately indifferent to Dowty's medical needs. 11-civ-3025-RAL, Doc. 127. This Court has screened and dismissed claims in a civil case that Dowty filed as 12-civ-3002-RAL against the State

2

of South Dakota, prosecutor Michael Strain, sheriff Derris Waukazoo, and state court judge Mark Barnett. 12-civ-3002-RAL, Doc. 6. In 12-civ-3002-RAL, Dowty claimed that the Eleventh and Fourteenth Amendments of the United States Constitution, as well as the 1868 Treaty of Fort Laramie deprived state officials of jurisdiction over him and the offenses that he allegedly committed. This Court explained why Dowty's claims in 12-civ-3002-RAL did not survive initial screening and why Dowty had no claim against the prosecuting attorney or the state court judge. 12-civ-3002-RAL, Doc. 6. Dowty then appealed to the United States Court of Appeals for the Eighth Circuit, which summarily affirmed this Court's dismissal of Dowty's claims. 12-civ-3002-RAL, Doc. 20.

This Court also screened and dismissed a civil case that Dowty brought against Sheriff Derris Waukazoo, the Attorney General for the State of South Dakota, and Lori Kalenda, as 12-civ-3003-RAL. Again, this Court explained why Dowty did not have viable claims. 12-civ-3003-RAL, Doc. 5. Again, Dowty appealed to the United States Court of Appeals for the Eighth Circuit, which summarily affirmed this Court's rulings and dismissal of Dowty's claims in 12-civ-3003-RAL. 12-civ-3003-RAL, Doc. 19.

In addition to this case and the other cases mentioned above, Dowty also filed civil cases 12-civ-4016-RAL, 11-civ-5101-RAL, and 12-civ-5039-RAL. This Court screened and dismissed the complaints in those cases as frivolous. Dowty's history of civil filings goes back many years. Counting the civil cases referenced above, Dowty has been a plaintiff in eighteen different civil cases. See 12-01-civ-4037-LLP, 01-civ-4107-LLP, 02-civ-4264-RHB, 04-civ-4192-LLP, 04-civ-5028-KES, 04-civ-5068-RHB, 04-civ-5109-AWB, 05-civ-4083-LLP, O5-civ-4120-LLP, 05-civ-5109-AWB, 05-civ-5076-AWB. Because of the numerous frivolous cases filed by Dowty

and under 28 U.S.C. § 1915(g), this Court has barred Dowty from starting any new federal cases, unless he is in "imminent danger of serious physical injury" or pays the filing fee in full. 12-civ-5039-RAL, Doc. 8; see also 28 U.S.C. § 1915(g).

This Court's June 27, 2012 Order in this case granted Dowty's Motion for Leave to Proceed in Forma Pauperis, but screened and dismissed all of Dowty's claims other than the claim at issue here: the Bivens claim alleging excessive force against "DCI Special Agents" and FBI Special Agents Bennett and Keith. Doc. 11 at 4-5. Dowty alleges in relation to his Bivens claim that state and federal officials entered Dowty's home on the Rosebud Indian Reservation and used excessive force when they forced Dowty's hands behind his back to handcuff him thereby injuring his shoulder and knee. Doc. 1 at 5. For factual detail, Dowty's Complaint states only that the agents "[caused] injury to Earl Dowty both shoulders left knee still pending MRIs left shoulder left knee does need surgery left me disable MRI report Dr. Sanchez 7/14/11." Doc. 1 at 5. In his Amended Complaint, Dowty provides more details regarding his excessive force claim:

> (Excessive force) was used, 1/8/11, time of arrest, by DCI, upon entry I was naked though (sic) to the floor,
>
> In attempt to hand cuff thoughen to the floor injury to the left knee,
>
> Upon enter all 5 agents screaming FBI. In my bathroom, I asked who two of the men were they stated DCI.
>
> These two men forcing my hand, arms behind my back. I told them you hurt me!
>
> . . .
>
> Need surgery to left shoulder MRI report enclosed. Had MRI's done on left knee, right shoulder 1/26/2012 pending report, for surgery.

Doc. 8 at 5-6.

4

Dowty's Amended Complaint incorrectly identifies Defendants as South Dakota Division of Criminal Investigation (DCI) Special Agents when Defendants are in fact FBI Special Agents. Doc. 8 at 6. Dowty also alleges that the two men who physically arrested him and forced his hands behind his back identified themselves as DCI agents. Doc. 8 at 6. The MRI of Dowty's left shoulder showed a torn labrum and various congenital problems with his shoulder. Doc. 8-1; Doc. 8-2. The referring physician noted the injury "could be related to chronic change versus some exacerbation with acute injury." Doc. 8-3. The physician recommended arthroscopic surgery to evaluate and possibly repair Dowty's shoulder.

Defendants have filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 42. Defendants argue that Dowty's claims are subject to dismissal for failure to state a claim upon which relief can be granted because the Defendants are entitled to qualified immunity due to Dowty insufficiently alleging a constitutional violation and due to their conduct being objectively reasonable. On December 7, 2012, this Court entered an Order, Doc. 44, directing that the Clerk of Court mail Defendants' Motion to Dismiss and the Order itself to Dowty where he is incarcerated and setting a deadline of January 4, 2013, for Dowty to respond to Defendants' motion. Dowty did not respond to Defendants' Motion to Dismiss, but previously filed a Motion for a Jury Trial, Doc. 24. This Court now grants Defendants' motion.

## II. Standard of Review

A court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires

5

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). In Twombly, the Supreme Court of the United States made clear that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; Abdullah v. Minnesota, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing Twombly and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must contain facts that state a claim as a matter of law. Id. But broad and conclusory statements unsupported by factual allegations are not sufficient. Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id.

## III. Discussion

### A. Dowty's Excessive Force Claim

6

"[T]o state a claim for relief under § 1983, a plaintiff must allege facts sufficient to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (internal quotation marks omitted). A defendant is entitled to qualified immunity when (1) the facts as alleged, construed in the light most favorable to the plaintiff, fail to establish the violation of a constitutional right, or (2) the constitutional right was not clearly established at the time of the alleged violation. McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012); see also Engleman v. Deputy Murray, 546 F.3d 944, 947 (8th Cir. 2008) ("If a plaintiff fails to assert a constitutional violation under the law as currently interpreted or if the actions that the plaintiff alleges the defendant to have taken are actions that a reasonable officer could have believed lawful, the defendant is entitled to dismissal.") (internal quotation marks omitted). Qualified immunity is an affirmative defense that can form the basis of a motion to dismiss if the immunity is established on the complaint's face. Bradford v. Huckabee, 330 F.3d 1038, 1041 (8th Cir. 2003) . "The question of qualified immunity is one of law for the court." Engleman, 546 F.3d at 947.

The first step in evaluating a § 1983 claim is to identify the constitutional right that was allegedly violated that serves as the basis for the § 1983 suit. Graham v. Connor, 490 U.S. 386, 394 (1989). Here, Dowty claims that the Defendants violated his Fourth Amendment right to be free from unreasonable seizures when the Defendants allegedly employed excessive force during his arrest. Defendants argue that they are entitled to qualified immunity for two reasons. First, Defendants argue that Dowty has not alleged that Defendants violated his Fourth Amendment right because they did not participate in the "alleged excessive force claim, i.e. forcing Dowty's hands behind his back" arguing that only officers who actually participate in the violations can be liable

7

under Bivens. Doc. 43 at 7 (citing Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988)). Second, even if this Court finds they did participate, Defendants argue that Dowty's conclusory pleadings do not establish a violation of a constitutional right because Defendants' actions were objectively reasonable.

Agents who do not physically administer the alleged constitutional violation, but who are present and participating in the alleged constitutional violation, can still be liable for the violation inflicted by other officers in certain situations. See e.g., James by James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (holding that officers who did not physically perform search may retain § 1983 liability if his or her "activities were 'integral to the search'" such that he or she became "participants rather than bystanders") (citing Melear v. Spears, 862 F.2d 1177, 1186 (5th Cir. 1989)); Hall v. Shipley, 932 F.2d 1147, 1154 (6th Cir. 1991) (holding that an officer who did not administer abuse could be liable for alleged abuse by another officer if the officer's "personal involvement" in the arrest goes beyond "mere presence" or "mere backup") (internal quotation marks omitted); Johnson v. Davis, No. 97-2339, 175 F.3d 1024, at *1-2 (8th Cir. 1999) (refusing to grant summary judgment to officers despite a lack of evidence connecting them directly to constitutional violations because they were present and possibly participating in violations); Boyd v. Benton Cnty, 374 F.3d 773, 780 (9th Cir. 2004) (holding that officers participating in a search may be liable for another officer's alleged abuse if the non-abusing officer's activity makes him an "integral participant" in the search); Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002) ("'It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under Section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'") (quoting

8

Fundiller v. City of Cooper City, 777 F.2d 1436, 1441–42 (11th Cir. 1985)); cf. Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996) (granting summary judgment to supervising officer who was merely present during search, but did not participate); Swagler v. Sheridan, No. CIV.A. RDB-08-2289, 2011 WL 2635937, at *6 (D. Md. July 5, 2011) (holding that officers who arrived on scene after the arrest and did not participate were not liable). In Johnson, the Eighth Circuit held that police officers were not entitled to summary judgment based on their qualified immunity in a § 1983 action stemming from alleged constitutional violations from an improper search. 175 F.3d at *1-2. Although there was no direct evidence linking the officers to destructive acts and constitutional violations, the officers admitted to being present at the search, they were not "mere bystanders" to the search, and there was a material fact as to whether they "participated in an unreasonably-conducted search" such that summary judgment was not warranted. Id. at *1-2.

Taking Dowty's well-pleaded facts as true as this Court must at this stage, this Court cannot grant Defendants' motion to dismiss for failure to state a claim simply because Dowty has alleged that Defendants did not directly handcuff him. Defendants by their own admission were present at the execution of the warrant, aided in executing the arrest, and were not "mere bystanders." Thus, Dowty has not failed to allege a constitutional violation by pleading that DCI agents, not Defendants, handcuffed him.

However, law enforcement officials "are entitled to qualified immunity from liability for civil damages arising from their use of force in the course of an arrest . . . so long as their conduct does not violate 'clearly established . . . constitutional rights of which a reasonable person would have known.'" Ogle v. Lantz, No. CIV 08-4148, 2010 WL 1928793, at *10 (D.S.D. May 11, 2010) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Excessive force claims are analyzed under

9

the rubric of the Fourth Amendment, which guarantees that citizens have the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. Amend. IV; see also, Graham, 490 U.S. at 394. Therefore, in determining whether excessive force was used, "[t]he dispositive question is whether the amount of force the officer used was objectively reasonable." Shannon v. Koehler, 616 F.3d 855, 862 (8th Cir. 2010). "In turn, the reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (internal citations omitted). "The Fourth Amendment inquiry focuses not on what the most prudent course of action may have been or whether there were other alternatives available, but instead whether the seizure actually effectuated falls within a range of conduct which is objectively 'reasonable' under the Fourth Amendment." Schulz v. Long, 44 F.3d 643, 649 (8th Cir. 1995).

Taking the facts pleaded, but not the legal conclusions, as true, Dowty has not stated a claim for excessive force upon which relief can be granted because the Defendants are entitled to qualified immunity as their conduct was objectively reasonable. The facts as pleaded allege that the arresting team loudly entered Dowty's home and two DCI agents forced Dowty, who at the time was naked and in the bathroom, to the ground and forced his hands behind his back. The agents were executing a valid search warrant on Dowty who was wanted for several firearms charges and burglaries, including one in which a fleeing homeowner was shot. The agents had good reason to believe Dowty was armed and very dangerous. Dowty did provide evidence of a shoulder injury that could have been the result of a congenital problem, or of a congenital problem worsened by an acute incident, but did not provide any evidence of injury to his knee. Dowty's bare allegations that he was

10

handcuffed behind his back which caused an injury, under the circumstances, do not support the conclusion that Defendants' conduct was objectively unreasonable when they executed a valid arrest warrant for an extremely dangerous person.

## IV. Conclusion

It is hereby

ORDERED that Defendants' Motion to Dismiss for failure to state a claim, Doc. 42, is granted. It is further

ORDERED that Dowty's Motion for Summary Judgment, Doc. 15, and Motion for Jury Trial, Doc. 24, are denied as moot in light of the dismissal of the case.

Dated January 30ᵗʰ, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

11